## KANSAS CITY SOUTHERN R. CO. v. DOSHIER.

No. 10196—Opinion Filed June 14, 1921.

(Syllabus.)

**Railroads—Killing Stock on Track — Circumstantial Evidence.**

Circumstantial evidence may be introduced to establish the killing of a cow by a train operated by a railway company. The finding of the cow, lying just outside of the rails, and on the railroad right of way, with one leg broken in several places and otherwise bruised about the body, is sufficient circumstantial evidence, that the cow was killed by the operation of the railroad, to take the case to the jury.

Error from District Court, Le Flore County; W. H. Brown, Judge.

Action by A. G. Doshier against the Kansas City Southern Railway Company to recover damages for the killing of a cow. Judgment for the plaintiff, and defendant appeals. Affirmed.

James B. McDonough, for plaintiff in error.

Tom W. Neal, for defendant in error.

Miller, J. This action was commenced in the justice court before P. H. Green, a justice of the peace, at Poteau, in Le Flore county, by A. G. Doshier against the Kansas City Southern Railway Company to recover the sum of $60 as damages for the killing of one red cow about three years old. The cow was alleged to have been killed on the 18th of October, 1917. A trial was had in the justice court, and judgment rendered in favor of the plaintiff and against the defendant for the sum of $60. The railway company appealed to the district court of Le Flore county, where the case was tried to a jury, which resulted in a verdict and judgment in favor of the plaintiff and against the railway company in the sum of $60, to reverse which judgment the defendant perfected this appeal and appeared here as plaintiff in error. For convenience, the parties will be referred to as they appeared in the court below.

But one assignment of error is discussed by the plaintiff in error in its brief. It lays down this proposition:

"If the proof is sufficient to show that the cow was killed by the train of the defendant, then the judgment must be affirmed. If it is insufficient to establish that fact, the judgment must be reversed."

When the plaintiff rested his case, the defendant demurred to the evidence. The demurrer was overruled. The defendant did not offer any evidence, but asked for a peremptory instruction in favor of the defendant. The court refused to give the peremptory instruction, and submitted the case to the jury under proper instructions.

The only question is, Did the plaintiff's evidence make out a prima facie case?

There was not any witness testified that he saw the cow struck by a train operated by the defendant railway company. Two witnesses testified they saw the cow with one hind leg broken in several places and otherwise bruised about the body, lying at the foot of a very small fill which constituted the railroad grade and just outside of the rails. The railroad right of way was not fenced at this place. About the time these witnesses saw the cow, the section men of the defendant railway company came along and shortly thereafter killed the cow by knocking her in the head, and then burned her.

We have examined the evidence, and think it was sufficient to take the case to the jury. It was submitted to the jury under proper instructions, and the jury returned a verdict in favor of the plaintiff. There being evidence to support the verdict of the jury, it will not be disturbed upon appeal. The judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.